UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN HERNANDEZ-ZELAYA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of California City Facility, et al.,

Respondents.

Case No. 1:26-cv-6919-HBK (HC)

A-Number: 222-597-451

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART[1]

(Doc. 1)

Petitioner Juan Hernandez-Zelaya, an immigration detainee proceeding pro se, petitions for a for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). He is detained by U.S. Immigration and Customs Enforcement ("ICE") at the California City ICE Processing Facility in California City, California. The Petition, filed August 31, 2026, alleges that his detention is unauthorized under 8 U.S.C. § 1231(a)(6) because removal is no longer reasonably foreseeable and violates the Fifth, Sixth, and Eighth Amendments, including his rights to procedural and substantive due process. (*Id.* at 6-7). Petitioner seeks, *inter alia*, immediate release. (*Id.* at 8).

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 11).

In response, Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but acknowledge that the Ninth Circuit rejected that position in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), holding that § 1226(a) governs detention of noncitizens in Petitioner's circumstances.

For the reasons below, the Court grants the Petition in part.[2]

## I. BACKGROUND

Petitioner, a native and citizen of Honduras, entered the United States without inspection on an unknown date and has since resided in the interior of the country. (Doc. 12 at 4). On May 3, 2026, immigration authorities encountered Petitioner at the Salt Lake County Adult Detention Complex, where he was held following an arrest for failure to stop at command of law enforcement. (*Id.*).

On July 22, 2026, Petitioner was transferred to ICE custody and the U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection) and § 1182(a)(7)(A)(i)(I) (lack of valid entry documents). (Doc. 9 at 4-7; Doc. 12 at 4). He remains detained by ICE at the California City Immigration Processing Facility. (Doc. 1).

## II. APPLICABLE LAW

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

## III. ANALYSIS

As Respondents acknowledge, the Ninth Circuit recently held that noncitizens apprehended in the interior of the United States are subject to discretionary detention under 8

[2] Because Petitioner's detention violates the Immigration and Nationality Act and due process, the Court declines to address his remaining claims.

U.S.C. § 1226(a), rather than mandatory detention under § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *see also, e.g., Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. May 6, 2026); *Moreno Vergel v. Chestnut*, 2026 WL 32848, at *3 (E.D. Cal. Jan. 6, 2026) (collecting cases); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

It is undisputed that Petitioner entered the United States without inspection and thereafter resided in the country's interior. (Doc. 12 at 4). Section 1226(a) therefore governs his detention. His detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. *See Escalona Rivero v. Mesa Verde ICE Processing Cntr.*, No. 1:26-cv-4605-JLT-FJS, 2026 WL 2720921, at *2 (E.D. Cal. Sept. 15, 2026) (collecting cases).

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). Although Petitioner seeks immediate release, Respondents acknowledge that he is "entitled to seek a custody redetermination hearing" under § 1226(a). (Doc. 1 at 8; Doc. 12 at 4).

The record reflects a 2021 conviction for failure to stop at the command of law enforcement and two convictions for driving under the influence of alcohol or drugs, in 2024 and 2026. (Doc. 12 at 4; Doc. 9 at 9-19). Given this criminal history, a bond hearing under § 1226(a), rather than immediate release, is the appropriate remedy. *See Rosales v. Chestnut*, 2026 WL 2654577, at *2 (E.D. Cal. Sept. 9, 2026) ("Courts have chosen a bond hearing as the more appropriate remedy where the noncitizen has a criminal history involving serious crimes"); *Jacobo A.M. v. Warden, California City Immigr. Processing Ctr.*, 2026 WL 2391057, at *2 (E.D. Cal. Aug. 17, 2026).

Accordingly, IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is GRANTED IN PART**.**
2. Within ten (10) days of this Order, Respondents SHALL provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). At the hearing, the parties shall be permitted

to present evidence and argument concerning whether Petitioner would pose a danger to the community or a flight risk if released.

3. Petitioner SHALL receive notice of the hearing at least 72 hours in advance and SHALL have the right to be represented by counsel. If counsel has entered an appearance in the immigration proceedings, counsel SHALL also receive notice at least 72 hours before the hearing.
4. The Clerk of Court SHALL serve a copy of this Order on the California City ICE Processing Facility in California City, California.
5. The Clerk of Court SHALL terminate all pending motions/deadlines, enter judgment for Petitioner, and close this case.

Dated: October 14, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE